IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-201 |
| JOHN KEUN SANG LEE | [UNDER SEAL] |

FILED
MAY 05 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Karen Gal-Or, Assistant United States Attorney for said District, submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A 242-count Indictment was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-241 | Distribution of a Controlled Substance<br>On or about the dates listed in the Indictment | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 242 | Health Care Fraud<br>From in or around May 2016, to in or around October 2020 | 18 U.S.C. § 1347 |

### II. ELEMENTS OF THE OFFENSES

A.    **As to Counts 1-241:**

In order for the crime of Distribution of a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the dates set forth in the Indictment, the defendant

distributed the controlled substance charged in the Indictment, outside the usual course of professional practice or not for a legitimate medical purpose;

       2. That the defendant wrote the prescriptions knowingly and intentionally; and,

       3. That the controlled substance named in the Indictment is a scheduled controlled substance, pursuant to 21 U.S.C. § 812.

> United States v. Polan, 970 F.2d 1280, 1282-83 (3d Cir. 1992); see also 21 C.F.R. ¶ 306.04(a).

**B.**    **As to Count 242:**

In order for the crime of Health Care Fraud, in violation of Title 18, United States Code, Section 1347, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

       1. That the defendant knowingly and willfully devised or participated in a scheme to defraud the health care benefit programs identified in the indictment in connection with the delivery of or payment for health care benefits, items, or services;

       2. That the defendant acted with the intent to defraud; and,

       3. That the health care benefit programs identified in the Indictment were either private or public plans or contracts, affecting commerce, under which medical benefits, items, or services were provided to any individual.

> Mod. Crim. Jury Instr. 3rd Cir. 6.18.1347 (2018).

### III. PENALTIES

**A.**    **As to Counts 1 through 241: Distribution of a Controlled Substance (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)):**

       1. A term of imprisonment of not more than twenty (20) years;

      2.     A fine not to exceed $1,000,000; and,

      3.     A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

      1.     A term of imprisonment of not more than thirty (30) years;

      2.     A fine not to exceed $2,000,000; and,

      3.     A term of supervised release of at least six (6) years.

**B.     As to Count 242:  Health Care Fraud (18 U.S.C. § 1347):**

      1.     A term of imprisonment of not more than ten (10) years, but if the violation results in serious bodily injury as defined in Title 18, United States Code 1365, a term of imprisonment of not more than twenty (20) years, and if the violation results in death, a term of imprisonment for any term of years or for life;

      2.     A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and,

      3.     A term of supervised release of not more than three (3) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count 242, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

                                          Respectfully submitted,

                                          STEPHEN R. KAUFMAN
                                          Acting United States Attorney

                                          */s/ Karen Gal-Or*
                                          KAREN GAL-OR
                                          Assistant U.S. Attorney
                                          PA ID No. 317258